## Clow, to use, etc., *versus* The Derby Coal Co., et al.

1. Where a creditor has the means of satisfaction from the property of the principal in his power and fails to avail himself of them, the surety will be discharged.

2. A coal company had given a mortgage upon its lands for $150,000, and had also incurred certain floating indebtedness. To accommodate the company, A. agreed to advance the money to pay off said mortgage and indebtness, on the execution to him of a new mortgage upon said lands for $250,000. The latter mortgage was accordingly executed, but was not recorded. And A. having advanced the necessary sum, the mortgage for $150,000 was put under his control but was not marked satisfied of record. B. and C., stockholders in the coal company, undertook in writing to afford A. the fullest protection for payment of his $250,000 mortgage. D., who was also a stockholder, afterward recovered a judgment against the company. From this judgment the company took a writ of error giving a bond, together with B., C., E. and F. (the two latter not

[Clow to use, &c. *v.* Derby Coal Co.]

being stockholders) whereby the obligors bound themselves jointly and severally to pay to D. the amount of his judgment in case the said writ of error was not successfully prosecuted. A. afterwards recorded his $250,000 mortgage, and marked the $150,000 mortgage satisfied of record. He at the same time, instituted proceedings on the former mortgage, upon which he obtained judgment. Subsequently the writ of error upon D.'s judgment was dismissed, and A. thereupon purchased the said judgment, and had it assigned to him. Afterwards A. issued a levari facias upon his judgment on the $250,000 mortgage, under which the coal company's land was sold to him for $85,000 and a special return made that A. was entitled, by virtue of his judgment on said mortgage, to the whole of that sum. Exceptions to this return were filed by G., who claimed, that a portion of D.'s judgment belonged to him, by virtue of an assignment prior to that of A., and that said judgment was prior in lien to the $250,000 mortgage, and therefore entitled to participate in the fund. A sum equal to the portion of D.'s judgment claimed by G. was thereupon paid into court by A. and an issue was awarded between G. and A., to determine the questions raised by the exceptions, and also whether G. was entitled to any part of D.'s judgment. The issue resulted in a verdict for A., and the amount paid by him into court, was accordingly returned to him. In an action subsequently brought by A. in D.'s name against the coal company, B., C., E. and F. jointly on their joint and several bond, wherein the plaintiff sought to recover the amount of D.'s judgment,—*Held,* that A., having had a clear right as owner of D.'s judgment to participate in the fund produced by the sheriff's sale under the mortgage, and having neglected to avail himself of that opportunity, was now precluded in equity, from recovering against the sureties on the bond in suit. *Held,* further, that the verdict rendered in the issue between A. and G., to determine the questions raised by G.'s exception, was not conclusive as to said sureties, who were not parties to said issue. *Held,* further, that as far as E. and F. were concerned, the agreement of B. & C. to give A. the fullest possible protection for his $250,000 mortgage, and the fact that D. was also a stockholder in the company, did not raise any countervailing equity which would make E. and F. liable on the bond in suit, notwithstanding A.'s negligence. *Held,* therefore that A., having sued all the parties on said bond jointly, and some of them having a valid defense, all the defendants were entitled to judgment.

3. The satisfaction of the $150,000 mortgage was probably entered by A. under the mistaken impression that by reason of the then pending writ of error, D.'s judgment had lost its lien. This was not, however, such a mistake as a court of equity will interpose to rectify as against sureties who have at least an equal equity.

June 17th 1881. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.

Error to the Court of Common Pleas of *Centre county :* Of May Term 1881, No. 56.

Debt, by R. F. Clow to the use of Ynocencio Casanova against The Derby Coal Company of Pennsylvania, Antonio M. Soteldo, John Anderson, Andrew G. Curtin and William A. Wallace, upon a joint and several bond given by defendants to plaintiff, conditioned for the payment to plaintiff of the debt,

2 Outerbridge.—28

interest and costs in the suit of R. F. Clow v. The Derby Coal Company upon failure of said company to prosecute successfully a writ of error to the Supreme Court of the United States taken by it from a judgment obtained against it in the said suit.

On the trial, before MAYER, P. J., the following facts appeared: On October 1st 1872, the Derby Coal Company executed to Ynocencio Casanova a mortgage for $250,000 upon certain lands owned by it in Centre and Clearfield counties. This mortgage was not recorded until March 17th 1873. Immediately after said recording, the interest being unpaid, Casanova instituted proceedings in Clearfield county upon said mortgage, and on November 21st 1874, recovered a judgment against the company thereon for $285,822.12.

On December 4th 1872, R. F. Clow recovered a judgment for the sum of $29,961.03 against the said company in the Circuit Court of the United States for the Western District of Pennsylvania. On February 10th 1873, a writ of error was taken to this judgment by the company to the Supreme Court of the United States, the bond in suit being at the same time filed in compliance with the provisions of the Revised Statutes of the United States. On October 13th 1874, the Supreme Court of the United States, having heard argument in the cause, dismissed the writ of error. On December 5th 1874, the judgment in the cause was purchased by Casanova and was marked assigned to his use. On December 8th 1874, an assignment of $8,600 of said judgment by Clow to one A. C. Finney, bearing date December 4th 1872, was filed in the cause.

On January 15th 1875, Casanova caused a writ of levari facias to be issued upon his judgment in Clearfield county on the mortgage of October 1st 1872, by virtue of which all the mortgaged premises in Centre and Clearfield counties were sold on March 15th 1875, at a judicial sale. Casanova, became himself the purchaser for the price or sum of $85,000. The sheriff made a special return to the effect that Casanova as holder of the judgment upon the mortgage of October 1st 1872, was entitled to the whole proceeds of the sale, and that receipts had accordingly been exchanged with him for the whole of said proceeds. A sheriff's deed to Casanova was also presented for acknowledgment. Exceptions were filed by A. C. Finney both to the special return and to the acknowledgment, delivery and recording of the deed on the grounds: (1) That the Clow judgment was a prior lien to Casanova's mortgage upon the properties sold. (2) That therefore the sheriff, had, to the extent of that judgment, no right to make the special return; and, (3) That the sheriff had notice that he would be ruled to bring into court enough of the proceeds of said sale to satisfy that portion

[Clow to use, &c. v. Derby Coal Co.]

of said judgment owned by A. C. Finney. The exceptions to the acknowledgment, delivery and recording of the sheriff's deed to Casanova were dismissed, and said deed was the same day acknowledged, delivered and recorded. Casanova was, however, ordered to pay the sum of $11,000 into court, and said sum having been placed at interest an issue was awarded between Finney as plaintiff and Casanova as defendant to try: (1) Whether Finney was entitled to any part of the Clow judgment. (2) Whether said judgment was a prior lien to Casanova's mortgage of October 1st 1872 ; and, (3) Whether said judgment was entitled to any of the proceeds of the sale under said mortgage.

Meantime certain proceedings had been instituted by Finney in the Circuit Court of the United States to fix his rights in the judgment of Clow v. Derby Coal Company. These culminated in the following decree, which was entered in said suit on January 15th 1876.

"It is adjudged and decreed that the assignment by R. F. Clow to A. C. Finney, dated December 4th 1872, of $8,600 of the judgment obtained by him against the Derby Coal Company—being prior in date to the assignment to Y. Casanova, dated December 5th 1874—is also prior in equity; that any money paid or applicable to said judgment be appropriated to the satisfaction of the amount so assigned to said Finney, according to the tenor of his assignment, before any part thereof is applied to the interest of said Casanova therein as aforesaid; and that a copy of this decree be entered on the record of said judgment."

Casanova thereupon purchased from Finney all his rights in said judgment and took an assignment thereof from him. On the trial of the issue in Clearfield county between Finney and Casanova a verdict was rendered for defendant, and on May 30th 1876, the $11,000 deposited by Casanova was by order of court repaid to him.

The present suit was instituted on August 25th 1875.

Plaintiff made the following offer of evidence: "A certified copy of a mortgage dated the 15th day of October 1869 of the Derby Coal Company of Pennsylvania to Allen Hoy, in the sum of $150,000. To be followed by proof that that mortgage was entered of record on or about the 15th day of October 1869, and was afterwards carried into and made part of the mortgage of the 5th day of October 1872, of two hundred and fifty thousand dollars, already offered in evidence; to be followed also with proof that at the time John Anderson and some of the other defendants were stockholders of the Derby Coal Company of Pennsylvania, and that the defendants subsequently accepted the proposition of Mr. Casanova to furnish the money to pay off all the Allen Hoy mortgage and floating indebted-

ness of the Derby Coal Company, for which he was to receive the mortgage of the 5th of October 1872; that that proposition was accepted by the Derby Coal Company—Mr. Anderson and Mr. Soteldo being stockholders thereof; that a scire facias had issued out of the Common Pleas of Clearfield county, to No. 326, January Term 1873, in the name of Allen Hoy, Esq., Trustee, &c., against the Derby Coal Company of Pennsylvania; and that an action of " debt" was commenced in the same court, to No. 325, January Term 1873, in the name of Ynocencio Casanova as the holder and the owner of the bonds, and the Allen Hoy mortgage as his security, and that the same continued and remained of record prior to the time that Clow obtained his judgment, and up until after the filing of the bond upon which this suit was brought, and that Mr. Casanova was advised by the same defendants that he could, with safety, permit satisfaction to be entered on the Allen Hoy mortgage and bonds, and that he did so, upon being assured by the defendants that he was fully protected by the giving of the bond upon which this suit was brought; to be followed with other evidence to show that John Anderson, A. M. Soteldo, A. G. Curtin and William A. Wallace have recognized the rights of Mr. Casanova as the owner and holder of the Allen Hoy bonds and mortgage; that Anderson and Soteldo, as stockholders of the Derby Coal Company, agreed and accepted the proposition in writing from Mr. Casanova, to give him the fullest protection possible, for the payment of the two hundred and fifty thousand dollar mortgage, bond and interest, and that Clow was a stockholder of the Derby Coal Company, and had notice of the mortgage of the 1st of October 1872. This offer is made for the purpose of showing that the distribution made in Clearfield county was rightfully made, and for any other purpose for which it may be evidence, as to showing the equities and rights of the parties in court to the fund as distributed in Clearfield county.

Objected to by defendants as incompetent and irrelevant, and also because said mortgage to Allen Hoy was marked satisfied of record on March 18th 1873, by the plaintiff, and thenceforth ceased to be a lien. Objection sustained and evidence rejected. Exception. (Third assignment of error.)

The court directed a verdict for defendants. Verdict and judgment accordingly, whereupon plaintiff took this writ, assigning for error the rejection of his offer of evidence and the instruction of the court to the jury to find for defendants.

*David L. Krebs* (with whom was *Adam Hoy*), for the plaintiff in error.—The proceedings distributing the proceeds of the

[Clow, to use, &c. v. Derby Coal Co.]

sale of the real estate under plaintiff's mortgage, including, inter alia, the sheriff's special return and the feigned issue, distinctly decided that the Clow judgment was not a prior lien to the mortgage in suit, and neither was entitled to nor did share in the fund. This adjudication cannot now be attacked collaterally: Yerkes's Appeal, 8 W. & S. 225; Noble v. Cope's Adms. 14 Wr. 18; Gratz v. Bank, 17 S. & R. 278; Finnel v. Brew, 31 P. F. Smith 366; Finney's Appeal 3 Barr 312; Mather v. McMichael, 1 Harris 302; In re Sheriff Bastian, 9 Norris 472; Franklin Township v. Osler, 10 Norris 160. Sale and receipt of money by a sheriff are not, per se, a satisfaction of a particular incumbrance, though the lien of such incumbrance may be extinguished: Bank v. Winger, 1 Rawle 301; McDevitt's Appeal, 30 Smith 376. The equities of the parties will be duly regarded and their interests preserved: Selden's Appeal, 24 P. F. Smith 323; Rice's Appeal, 29 Smith 182; Erb's Appeal, 2 P. & W. 296; Himes v. Barnitz, 8 Watts 39; Worrall's Appeal, 5 Wright 350.

Even if plaintiff was in fault in not having a portion of the proceeds of the sale under his mortgage appropriated to the Clow judgment, this is a point of which defendants cannot take advantage to relieve themselves from liability in this suit, because it was on account of their representations as to the validity of the bond in suit that plaintiff satisfied the Hoy mortgage, which was an undoubted first lien. Actual payment does not discharge a judgment in equity if justice requires the parties in interest to be restrained from insisting on their legal rights: Fleming v. Beaver, 2 Rawle 129; Lathrop & Dale's Appeal, 1 Barr 518; Morris v. Oakford, 9 Barr 498.

Whether or not the act of the creditor complained of works a discharge of the surety in any case is determined by the effect that act may have on the surety's increased or diminished liability. If the act or contract of the creditor increases the liability of the surety, it operates as a discharge of the surety, either entirely or pro tanto, according to the circumstances of each case: Schock v. Miller, 10 Barr 401; Neff's Appeal, 9 W. & S. 36; Holt v. Bodey, 6 Harris 207; Wharton v. Duncan, 2 Norris 40.

Here the circumstances reveal no adequate cause for such discharge. The defendants being stockholders in the company it was to their interest to have the Hoy mortgage satisfied, and they cannot now escape liability on a bond, the validity of which they represented to plaintiff as sufficient ground for entering that satisfaction for their benefit: McCullough v. Wilson, 9 Harris 436; Diamond Coal Co. v. Fisher, 7 Harris 272; Wilkins v. Anderson, 1 Jones 402. Before defendants can disclaim liability they must show that their right of substitution to the

[Clow, to use, &c. *v.* Derby Coel Co.]

Clow judgment is superior in equity to plaintiff's : Erb's Appeal, 2 P. & W. 296 ; Goswiler's Appeal, 3 P. & W. 200 ; McGinnis' Appeal, 4 Harris 445 ; Ziegler *v.* Long, 2 Watts 206. Their action here clearly precludes them from setting up such claims. A new trial should not be awarded but judgment be entered for plaintiff : Stephens *v.* Cowan, 6 Watts 514 ; Mosher *v.* Small, 5 Barr 224.

*G. R. Barrett* and *Samuel Linn* (with whom were *Beaver* and *Gephart*), for defendants in error.—The sale of the property of the company under plaintiff's mortgage satisfied the Clow judgment. The law appropriated the proceeds to the liens as they stood at the time of sale according to their priority. If Clow had still retained his judgment, plaintiff could not have appropriated the proceeds of sale to his mortgage excluding the first lien : Fleming *v.* Beaver, 2 Rawle 128 ; Selden's Appeal, 24 P. F. Smith 327 ; Kohl *v.* Harting, 8 Watts 329 ; Hepburn *v.* Snyder, 3 Barr 72 ; Talmage *v.* Burlingame, 9 Barr 21 ; Bellas *v.* Vanderslice, 8 S. & R. 452 ; Schuylkill *v.* Macalester, 6 W. & S. 149. The verdict of the jury in the feigned issue between plaintiff and Finney on this point could not bind defendants, who were not parties thereto : Morrison *v.* Mullin, 10 Casey 18 ; Taylor *v.* Cornelius, 10 P. F. Smith 198; Giltinan *v.* Strong, 14 P. F. Smith 245 ; Wible *v.* Wible, 1 Grant 409 ; Smith *v.* Reiff, 8 Harris 364 ; Shaw's Appeal, 10 Wright 407 ; Housekeeper's Appeal, 13 Wright 141. A feigned issue must be confined to facts : Shutzer *v.* Herr, 7 Harris 34 ; Christophers *v.* Selden, 4 Casey 165 ; Russel *v.* Reed, 3 Casey 166. And is only conclusive as to facts : Garrison's Appeal, 2 Wright 531 ; Barrett's Appeal, 21 P. F. Smith 317 ; Hoxworth *v.* Miller, 7 Barr 458 ; Tomb's Appeal, 9 Barr 61 ; Martin *v.* Gernandt, 7 Harris 124. In the present case no facts were involved in the issue. Even if defendants were concluded there are such evident marks of collusion between the plaintiff and the company as to entitle defendants, who are sureties of the company, to inquire collaterally into the proceedings : Postens *v.* Postens, 3 W. & S. 135 ; Sheetz *v.* Hanbest, 31 P. F. Smith 100 ; Dougherty's Estate, 9 W. & S. 189 ; Lewis *v.* Rogers, 4 Harris 18 ; Thompson's Appeal, 7 P. F. Smith 175 ; Clark *v.* Douglass, 12 P. F. Smith 408 ; Yaple *v.* Titus, 5 Wright 195. Plaintiff's act in attempting to postpone the first lien, viz. : the Clow judgment, to that of his mortgage released the sureties on the bond in suit : Neff's Appeal, 9 W. & S. 36 ; Holt *v.* Bodey, 6 Harris 207 ; Wharton *v.* Duncan, 2 Norris 40.

Chief Justice SHARSWOOD delivered the opinion of the court, June 22d 1881.

[Clow, to use, &c. *v.* Derby Coal Co.]

This was a joint action against the defendants upon a joint and several bond. The plaintiff might have instituted a several action against each, but as it stands he must recover against all or none. Curtin and Wallace were sureties. It is alleged that the others were stockholders of the Derby Coal Company, and what the equities of the use plaintiff were or would have been against them under the offer of evidence made in the court below it is unnecessary to inquire. The plaintiff claimed to recover against all the defendants. The question then is, had he a right to recover against those of the defendants conceded to be sureties—whatever may be the case as to the others. Clow, the legal plaintiff in this suit, which is marked to the use of Casanova, had recovered a judgment against the Derby Coal Company in the Circuit Court of the United States of the western district. Upon this judgment a writ of error was taken out of the Supreme Court of the United States, and to procure a supersedeas of execution the bond in suit was executed by the defendants. The writ of error was dismissed and the bond became absolute. Casanova had made a contract with the Derby Coal Company,—and he offers to prove that two of the defendants were parties and assenting thereto,—by which he was to advance a certain amount of money to the company, from which certain bonds secured by a mortgage to Allen Hoy, trustee, were to be extinguished, and a new mortgage given to him. In pursuance of this arrangement satisfaction was actually entered on the Allen Hoy mortgage, and the new mortgage given. The legal effect of this was that the Clow judgment became the first lien upon the lands of the company. Proceedings were instituted upon the second mortgage, and a sheriff's sale had, the proceeds of which were appropriated to that mortgage—no claim having been made on the Clow judgment. In point of fact Casanova had purchased the Clow judgment, and was the owner of the same. An issue was awarded between him and one Finney to try the right of the latter to a part of that judgment, and a verdict rendered in favor of Finney. It is agreed that Casanova also purchased his right. This was a proceeding collateral to the question of distribution, and could have no legal conclusiveness except as between the parties to it. The question then is resolved into this—whether Casanova, as owner of the Clow judgment, having had a clear right to payment out of the fund raised by the sheriff's sale, and having neglected to avail himself of it, is not precluded in equity from recovering against the sureties on the bond in suit. If the creditor has the means of satisfaction from the property of the principal in his power and fails to avail himself of it, the surety is discharged. The plaintiff concedes this, but sets up a countervailing equity which

he contends overcomes it.   It is comprised in his offer of evidence which was rejected by the learned court below, which rejection forms the subject of complaint in the third assignment of error.  In substance he contends that under the circumstances he is entitled to have the satisfaction of the Hoy mortgage set aside or disregarded, so as to re-establish the priority of the lien of that mortgage—and to appropriate all the proceeds of the sale on the second mortgage towards payment of it.   No fraud is alleged—no mistake of such a character as would justify the interference of a court of equity.   It is indeed probable that the Hoy mortgage was satisfied upon the mistaken idea that the Clow judgment had lost its lien by the writ of error to the supreme court.  It would have been wiser if Casanova had been advised to take an assignment of the Hoy mortgage, instead of having it satisfied of record.   This is not such a mistake, however, as a court of equity would interpose to rectify as against sureties who have at least an equal equity.   When satisfaction was entered on the Hoy mortgage, it was the intention of Casanova to extinguish it.   It is true he alleges and offered·to prove, that Anderson and Soteldo, two of the obligors, were stockholders of the Derby Coal Company, and agreed and accepted the proposition in writing from him, to give him the fullest protection possible for the payment of the second mortgage, and that Clow was also a stockholder, and had notice of that mortgage.   But no offer was made to show that Curtin and Wallace had made any such agreement, or even had knowledge of it. No countervailing equity, therefore, was shown as against them. We think that the learned court below were perfectly right in rejecting the evidence offered, and directing a verdict for the defendants.

Judgment affirmed.